**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| Gary Michael Allen, ) | |
| ) | Case No.: 9:96-cr-986-PMD-9 |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Gary Michael Allen, a federal prisoner, moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 665). Allen also asks to be released on bond pending this Court's disposition of his § 2255 motion (ECF No. 674). The United States ("Government") has filed a motion to stay proceedings (ECF No. 675). For the reasons stated herein, the Court grants the Government's motion to stay and denies Allen's motion to be released.

**BACKGROUND**

In 1997, a jury found Allen guilty of conspiring to possess and distribute cocaine base. *See* 21 U.S.C. §§ 841(a)(1), 846. The presentence report prepared for Allen designated him as a career offender under the U.S. Sentencing Guidelines. *See* U.S.S.G. §§ 4B1.1, 4B1.2 (1995). Allen's prior felony convictions supporting that designation included a Delaware conviction for delivering heroin, two Delaware convictions for second-degree robbery, and a Pennsylvania conviction for robbery. Applying the career-offender sentencing enhancement, the Court sentenced Allen to 360 months in prison.

Allen filed his § 2255 motion on June 22, 2016. Just over a month later, on July 25, he filed his motion to be released on bond. The Government moved for a stay on August 10. No

party filed responses to any of the motions. The Court finds that the motion to stay and the motion for bond are ripe for consideration.

## DISCUSSION

Although the two motions at bar do not directly involve the merits of Allen's § 2255 claim, an overview of his claim provides some context for the motions. Under the Sentencing Guidelines, a defendant is a career offender if

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). Allen's motion focuses solely on the third element. Although Allen concedes his conviction for delivering heroin is a predicate controlled substance offense, he contends his three robbery convictions are not "crimes of violence." The Guidelines define that term as any federal or state offense, punishable by more than a year in prison, that

> (1)  has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2)  is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G. § 4B1.2(a) (emphasis added). The italicized language in § 4B1.2(a)(2) is commonly called the "residual clause." *See United States v. Chisolm*, 579 F. App'x 187, 190 (4th Cir. 2014). Allen argues that the residual clause is the only part of the definition into which any of his three robbery convictions could fit.

Last year, the Supreme Court held that an identically worded residual clause in 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). Allen contends that *Johnson*'s holding applies to § 4B1.2(a)(2)'s residual clause, which

2

means his robbery convictions cannot validly be viewed as career-offender predicate crimes of violence. Thus, he argues, he no longer has enough qualifying prior felony convictions to trigger the career-offender enhancement, and he should be resentenced to a shorter prison term.

With that overview, the Court turns to the motion to stay and the motion for release.

### I.     The Government's Motion to Stay

The Supreme Court is currently poised to decide whether *Johnson*'s holding extends to U.S.S.G. § 4B1.2(a)(2) and whether *Johnson* applies retroactively to collateral challenges of sentences enhanced under § 4B1.2(a)(2)'s residual clause. *See Beckles v. United States*, 616 F. App'x 415 (11th Cir. 2015), *cert. granted*, 2016 WL 1029080 (U.S. June 27, 2016) (No. 15-8544). The Government contends the Supreme Court's decision in *Beckles* will affect the outcome of Allen's § 2255 motion and therefore this Court should stay proceedings until that decision is issued.

In making that request, the Government appears to agree with Allen that all three of his robbery convictions fit only within § 4B1.2(a)(2)'s residual clause.[1] Assuming, then, that none of those convictions could still constitute crimes of violence under any other portion of § 4B1.2(a), what the Supreme Court decides in *Beckles* may dictate the result here. Like other members of this Court, the undersigned finds it appropriate to wait on that potentially controlling

---

1.     The Government has not explicitly taken a position on whether any of Allen's robbery convictions fits elsewhere in § 4B1.2(a). However, in its motion to stay, it recites the issue in this case—whether Allen's three robbery convictions may still be classified as § 4B1.2(a) crimes of violence after *Johnson*—and then asks for a stay "[i]n light of the fact that the *Beckles* decision will have a significant impact on the issue in this case." (Gov't's Mot. Stay, ECF No. 675, at 2.) Because *Beckles* could have such an impact only if none of Allen's three robbery convictions could fit under the other portions of § 4B1.2(a), the Court interprets the Government's statement as impliedly conceding that the three robberies could fit only under § 4B1.2(a)'s potentially invalid residual clause. Moreover, if the other portions of § 4B1.2(a) could cover any of the robbery convictions, there would no need to seek a stay; the Government could instead seek dismissal on the merits.

If the Court has misinterpreted the Government's position, the Government may, at any time before *Beckles* is decided, file a motion asking the Court to lift the stay and dismiss on grounds unrelated to *Johnson* or *Beckles*.

decision.  *See United States v. Brice*, No. 3:12-cr-850-CMC, slip op. (D.S.C. Aug. 9, 2016); *United States v. Sheppard*, No. 8:11-cr-816-HMH-1, slip op. (D.S.C. July 11, 2016); *United States v. Carpenter*, No. 3:07-cr-1521-JFA, slip op. (D.S.C. June 30, 2016); *United States v. Mason*, No. 4:07-cr-1423-RBH, text order (July 6, 2016).  Accordingly, the Court will stay proceedings until the Supreme Court decides *Beckles* or one of the parties moves for the stay to be lifted.

## II.     Allen's Motion for Release

Allen asks the Court release him on bond pending the resolution of his § 2255 motion. Federal courts have the inherent power to grant bail to petitioners in post-conviction habeas proceedings.  *DeAngelis v. South Carolina*, 330 F. Supp. 889, 892 (D.S.C. 1971) (§ 2254 case); *see also Geddings v. United States*, No. 5:06-CR-136-D, 2010 WL 2639920, at *2 (E.D.N.C. June 29, 2010) (noting federal courts have the power to release § 2255 petitioners pending the resolution of their motions).  That power, however, "is to be used very sparingly."  *United States v. Blankenship,* No. 12-00641 HG-01, 2016 WL 3579077, at *3 (D. Haw. June 28, 2016) (citing *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985)); *see also DeAngelis*, 330 F. Supp. at 892 (stating the power to grant bail in collateral post-conviction challenges "ought to be carefully exercised").  Thus, "[b]efore a prisoner may be released on bail pending a collateral attack on his conviction, he must show substantial constitutional claims on which he has a high probability of success, and exceptional circumstances making a grant of bail necessary for the habeas remedy to be effective."  *United States v. Eliely*, 276 F. App'x 270, 270 (4th Cir. 2008) (per curiam).

Whatever may be said about the substantiality of Allen's claim or about its likelihood of success, Allen has not identified any exceptional circumstances compelling his release at this time.  Therefore, the Court denies his motion.

4

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Allen's motion for release is **DENIED**, the Government's motion to stay is **GRANTED**, and this matter is **STAYED** until either the Supreme Court issues a decision in *Beckles* or one of the parties moves to lift the stay.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**September 7, 2016**
**Charleston, South Carolina**

5